(No. 4123—

BEULAH EVANS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1949.*

MRS. BEULAH EVANS, Pro Se.

HON. IVAN A. ELLIOTT, Attorney General, and ARCHIE BERNSTEIN, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Beulah Evans, filed her complaint October 8, 1948 for reimbursement of medical expenses incurred by reason of an accident which she sustained on February 3, 1948 in the course of her employment by respondent in the Department of Illinois Public Aid Commission, Division of Standards and Services.

The record consists of the Complaint, Departmental Report, Transcript of Evidence, and Stipulation by Claimant and Respondent waiving briefs.

Claimant was employed in the capacity of Visitor, working under the direction of the Superintendent of the Marshall County Department of Public Assistance, Lacon, Illinois, of the Illinois Public Aid Commission. As such Visitor she investigated the need and eligibility of applicants for Old Age Pension, Aid to Dependent Children, and Blind Assistance. She also determined budgetary allowances in conformity with the rules and regulations of the Illinois Public Aid Commission. The discharge of these duties necessarily required claimant to use her personal automobile in traveling from Lacon on visits to applicants and recipients of public assistance programs residing in her assigned territory.

On February 3, 1948, at about 4:15 P. M. claimant, in the performance of her duties, was traveling in her automobile from Henry, Illinois, to her headquarters in Lacon. At a point about five miles north of Lacon, on State Route No. 29 Detour, she lost control of her car due to ice on the highway. At the time, she was driving with due care, about thirty miles per hour. The car skidded on the icy pavement, turned around twice and struck the embankment. As a result of the impact claimant was thrown against the dashboard and windshield. Shortly thereafter, a couple in another car stopped upon discovering claimant's automobile in the ditch, and found claimant out of her car lying on the fender in a dazed condition. Claimant was taken home. She went to the hospital the next day upon advice of her physician. Her injuries consisted of fractures of the third, fourth, fifth, sixth and seventh ribs on her right side; hemothothorax; contusion of back, and mild concussion of the brain. She

returned to employment on March 29, 1948, and was released from medical care on May 13, 1948. From the bills in the record claimant's medical, doctor and hospital expenses totaled $300.65. The departmental report admits that claimant is entitled to reimbursement for her doctor and hospital expense. We concur in this view. No claim is made for disability. The record shows that full salary was paid to the claimant during the time she was incapacitated.

There is no jurisdictional question presented by the record, and we find that claimant was injured by reason of an accident arising out of and in the course of her employment by respondent.

A. M. Rothbart, 120 South LaSalle Street, Chicago, Illinois, was employed to take and transcribe the testimony in this case and submitted his invoice in the sum of $14.90, which we find to be fair and reasonable.

An award is therefore made to claimant, Beulah Evans, in the sum of $300.65, $75.00 of which is for the use and benefit of Dr. Ernest C. Burhans, Peoria, Illinois; $30.50 for the use and benefit of Dr. Royal L. Eddington, Lacon, Illinois; and $195.15 for the use and benefit of John C. Proctor Hospital, Peoria, Illinois.

An award is also entered in favor of A. M. Rothbart in the sum of $14.90.

It is further ordered that the payment of the above awards shall be made out of any funds available to the Illinois Public Aid Commission for such purposes in accordance with Chapter 127, Sec. 181A, Illinois Revised Statutes (1947).

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."